IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MOHAMMAD SIDDIQI** § <br> **MOHAMMAD SHIBLI** § <br> **SHAIKH S. SIDDIQI** § <br> **AHMAD SIDDIQI** § <br> **FATIMA SHAMS** § <br> **BUSHRA SIDDIQI** § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> **Robert S. MUELLER,** § <br>      Director, Federal Bureau of § <br>      Investigation § <br> § <br> **Michael CHERTOFF** § <br>      Secretary of Department § <br>      of Homeland Security, § <br> § <br> **Peter D. KEISLER** § <br>      Acting U.S. Attorney General, § <br>          and § <br> § <br> **Sharon HUDSON,** § <br>      District Director - U.S. § <br>      Citizenship & Immigration Services, § <br> § <br> Defendants § | Misc. Action No. _____ |

**PLAINTIFFS' PETITION FOR REHEARING PURSUANT TO 8 USC 1447(B)**

COME NOW, Plaintiffs in the above captioned case, and allege and aver as follows:

1. This action is brought against the Defendants to compel action on Applications for Naturalization properly filed by the Plaintiffs on June 29, 2005. On October 18, 2005, (almost two years ago) five of the six named Plaintiffs were interviewed

1

by USCIS. On December 8, 2005, the sixth Plaintiff was interviewed by USCIS. The petitions and applications were filed with and remain within the jurisdiction of the Defendants, who have improperly withheld action on said applications to the detriment of the Plaintiffs.

## PARTIES

2. Plaintiffs are members of a family, including the father (Shaihk Siddiqi), three sons (Mohammad Siddiqi, Mohammad Shibli, Ahmad Siddiqi), and two daughters (Bushra Siddiqi and Fatima Shams). They are all citizens of Pakistan. After achieving legal permanent resident status on September 23, 2000, all Plaintiffs then applied for US citizenship by filing an application for naturalization on June 29, 2005 with the Houston, Texas district office of the U.S. Bureau of Citizenship and Immigration Services. They all currently live at 12048 A. Crescent Peak Drive in Houston, Texas.

3. Defendant Robert S. Mueller III is sued in his official capacity as Director of the Federal Bureau of Investigations ("FBI"). As Director of the FBI, Mr. Mueller is responsible for conducting both criminal record checks and the National Name Check Program ("NNCP"). The NNCP disseminates information from the FBI's Central Records System in response to requests submitted by federal agencies. In particular, the FBI supplies USCIS with information about applicants seeking benefits under the immigration laws of the United States.

4. Defendant Michael CHERTOFF is the Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. Effective

2

      March 1, 2003, the Department of Homeland Security assumed responsibility for the functions of the agency formerly known as the "Immigration and Naturalization Service." The Secretary of the Department of Homeland Security ("DHS") is now vested with "[a]ll authorities and functions of the Department of Homeland Security to administer and enforce the immigration laws." 8 C.F.R. §2.1(a).

5. Defendant Peter D. KEISLER is the Acting Attorney General of the United States for the Department of Justice, and this action is brought against him in his official capacity. The Federal Bureau of Investigation ("FBI"), which is housed within the Department of Justice and subject to the authority of the Attorney General, is responsible for certain background checks required for naturalization.

6. Defendant Sharon HUDSON is the Director of the Houston, Texas district office of the U.S. Citizenship and Immigration Services ("CIS"), a bureau within the Department of Homeland Security responsible for accepting and adjudicating applications for naturalization, and is generally delegated by the Secretary of the DHS with supervisory authority over all operations of the CIS within their district. 8 C.F.R. §§1.1(o), 2.1. As will be shown, Defendant Sharon HUDSON is the official with whom Plaintiffs' application for naturalization was properly filed and remains pending.

## JURISDICTION

7. Jurisdiction exists pursuant to §336 of the Immigration and Naturalization Act, 8 U.S.C. §1447, which states that "[i]f there is a failure to make a determination

...before the end of the 120-day period after the date on which the examination is conducted..., the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter...[s]uch court has jurisdiction over the matter." INA §336, 8 U.S.C. §1447.  See <u>Walji v. Gonzales,</u> No. 06-20937, 2007 WL 3685028 (5th Cir. Sept. 14, 2007) (Exhibit A).

8. Plaintiffs also seek costs and attorneys' fees pursuant to the Equal Access to Justice Act, 5 U.S.C. S 504, and 28 U.S.C. 2412(d).

## VENUE

9. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, and is brought in the district were a Defendant resides and where a substantial part of the events giving rise to Plaintiffs' claim occurred. Specifically, Plaintiffs' application for naturalization was properly filed with, and to Plaintiffs' knowledge, remains pending with the Houston, Texas CIS District Director, a Defendant herein.

## EXHAUSTION OF REMEDIES

10. Plaintiffs have exhausted their administrative remedies.  Plaintiffs have made numerous inquiries concerning the status of their applications on numerous occasions as set forth below but to no avail.

11. Plaintiffs have no other remedy available to address the harm that they have suffered – the failure of Defendants to adjudicate their application for naturalization in a timely manner.

## FACTS

12. Plaintiffs applied to become United States citizens under 8 U.S.C. §1427(a)(1) by filing Form N–400 with the USCIS on June 29, 2005. (All supporting documents attached as Exhibit B).

13. On October 18, 2005, five of the six named Plaintiffs were interviewed by USCIS.

14. On December 8, 2005, the sixth Plaintiff Fatima Shams was interviewed by USCIS.

15. USCIS informed all Plaintiffs that the only thing that needed to be done was their name checks by Defendant FBI.

16. Thereafter, Plaintiffs, through Plaintiff Mohammad Siddiqi, inquired in writing and in person on numerous occasions to Defendant USCIS.

17. To date, there has been no meaningful response from Defendants except form letters requesting that Plaintiff wait "at least 180 days" before making any further inquiries about the status of their cases.

18. Plaintiffs have clearly exhausted their administrative remedies[1] as formal requests and inquiries to the agency have not been effective.

## FIRST CAUSE OF ACTION
## (28 U.S.C. § 1447(b))

---

[1] As noted in the related litigation section, Plaintiffs filed a previous civil lawsuit that was based on three different causes of action including 8 U.S.C. § 1447(b). (Case No. 4:07-cv-00809)  Their case was dismissed without prejudice on June 26, 2007, based on a Fifth Circuit opinion (of June 19, 2007) that was later vacated and reversed on September 14, 2007.  (See Walji case attached as Exhibit A) Since that dismissal was only on the issue of jurisdiction and the court never reached the merits of the case, and the controlling law in our jurisdiction was reversed on September 14, 2007, Plaintiff now files the instant matter as a miscellaneous action based exclusively on 8 U.S.C. § 1447(b).  Ellis v. Amex Life Ins. Co., 211 F.3d 935 (5th Cir. 2000) (citing Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 561 (5th Cir. 1983)) (holding, in res judicata context, that "dismissals for want of jurisdiction are not decisions on the merits")).

19. Plaintiffs re-allege and incorporate by reference paragraphs 1 to 18 as set forth above.

20. Plaintiffs filed an application for naturalization on June 29, 2005. They completed their examinations with Defendant USCIS on October 18, 2005, and one on December 8, 2005.

21. Plaintiffs have been waiting for almost three years from the date they filed their Applications for Naturalization, and more than one and half years since five of them were interviewed by Defendant USCIS.

22. Defendants have sufficient information to determine Plaintiffs' eligibility pursuant to the applicable requirements.

23. Despite numerous and ongoing written attempts to obtain a decision following the interview following the five interviews in October 2005, Defendants have failed to complete the processing of Plaintiffs' applications for naturalization.

24. As a result of Defendants' unreasonable delays, Plaintiffs have been unable to register to vote in elections, had to spend hours at the airport during international travels undergoing lengthy and embarrassing treatment and questioning, and have been otherwise denied the various benefits of United States citizenship that are often taken for granted.

25. Plaintiffs have demanded such relief on numerous occasions.

26. To date, no such action has been taken.

27. Wherefore, Plaintiffs are entitled pursuant to §336 of the Immigration and Nationality Act to seek a hearing in the United States district court if a determination on an application for naturalization is not made within 120 days following the examination. Indeed, Plaintiffs have been waiting almost two years.

28. The U.S. district court has jurisdiction and may either determine the matter or remand the matter along with appropriate instructions to the USCIS to determine the matter. INA §336, 8 U.S.C. §1447.

29. Defendants have clearly not made a determination within the allowable time-frame, thereby creating the stated cause of action seeking a determination on the application.

Wherefore, Plaintiffs respectfully requests the Court pursuant to 8 U.S.C. § 1447(b), to order the government to take the necessary measures – including a name check from Defendant FBI – to adjudicate Mr. Plaintiffs' applications for naturalization within the next 120 days.

## SECOND CAUSE OF ACTION
### Attorney's Fees (Equal Access to Justice Act, 28 U.S.C. § 2412(d))

30. Plaintiffs re-allege and incorporate by reference paragraphs 1 to 29 as set forth above.

31. "[A] court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any

7

official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412.

32. It is clear that Defendants have failed – without any legal or factual basis -- to act on Plaintiffs' applications for naturalization.

33. Such failure has resulted in Plaintiffs having been forced to retain the services of an attorney to pursue the instant action, in addition to other costs and expenses incurred.

34. Plaintiffs as the prevailing party, in the instant action are clearly entitled to reasonable attorney's fees and associated costs.

Wherefore, Plaintiffs respectfully request that the Court award reasonable attorneys' fees and costs to them.

## PRAYER

WHEREFORE, in light of the arguments and authorities noted herein, Plaintiffs respectfully request that Defendants be cited to appear herein and that, upon due consideration, this Court will enter an order:

(a) Directing Defendants to adjudicate Plaintiffs' Applications for Naturalization within 120 days; OR

(b)  Adjudicating Plaintiffs' Applications for Naturalization; and

(c)  Awarding reasonable attorneys' fees and costs of court to Plaintiff pursuant to the Equal Access to Justice Act.

(d)  Denying any motion to dismiss the present case until Defendants have shown to the full satisfaction of the Court and Plaintiffs that all relief sought has been executed.

(e)  Granting any such other and further relief to which Plaintiffs may be entitled at law or in equity as justice may require.

Respectfully submitted,
QUAN,BURDETTE & PEREZ, P.C.
*Gordon Quan /s/*

_____

Attorney for Plaintiff
TX State Bar No. 16422400
Admitted SDTX – April 14, 1980
QUAN BURDETTE & PEREZ PC
5177 Richmond Ave., Suite 800
Houston, Texas 77056
(713) 625-9220 Telephone
(713) 625-9292 Facsimile

OF COUNSEL:

*Naomi Jiyoung Bang /s/*

_____

Texas State Bar No. 24054931
SDTX No. 604286
QUAN BURDETTE & PEREZ PC
5177 Richmond Ave., Suite 800
Houston, Texas 77056
(713) 625-9220 Telephone
(713) 625-9292 Facsimile