IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MOHAMMAD SIDDIQI, et al., ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | H-07-mc-580 |
| ) | |
| ROBERT S. MUELLER, Director, FBI, ) | |
| et al., ) | |
| ) | |
| DEFENDANTS. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND CROSS MOTION TO REMAND**

**I. Nature and Stage of the Proceeding**:

This is a civil immigration case. Plaintiffs Mohammad Siddiqi, Mohammad Shibli, Shaikh S. Siddiqi, Ahmad Siddiqi, Fatima Shams and Bushra Siddiqi ask this Court, pursuant to 8 U.S.C. § 1447(b), to order defendants to naturalize them within 120 days. (Petition for Rehearing, Docket Entry 1, p. 7, Wherefore Clause.)[1] Plaintiffs explicitly state in the Petition for Rehearing that they do not seek relief under the Administrative Procedures Act or the Mandamus Act, but rather only under 8 U.S.C. § 1447(b). (Petition for Rehearing, Docket Entry 1, n.1 at p.5; *accord* ¶ 7.)

---

[1] Later in the Petition for Rehearing, plaintiffs state they seek a remand with a 120-day time limit, or a determination of the naturalization applications by the Court. (Petition, Docket Entry 1, p.8-9.)

On January 2, 2008, plaintiffs moved for summary judgment. (Docket Entry 6.)[2] In the Motion, they concede that plaintiffs Fatima Shams and Bushra Siddiqi have been sworn in as U.S. citizens, and that their claims are moot. (*Id*. at 3.) Accordingly, there is no subject matter jurisdiction over such claims.

As to the live claims of the other plaintiffs, the plaintiffs' motion for summary judgment should be denied. The Court lacks jurisdiction over the FBI under 8 U.S.C. § 1447(b), but, even if the Court finds jurisdiction over the FBI under that section, the Court should refrain from issuing any order containing a deadline for the FBI to complete a background check. There is no statutory time limit within which the FBI must complete the name and background check. Defendants agree, however, that remand to USCIS is appropriate once the FBI finishes its background investigation. The FBI has completed its name checks on all plaintiffs except Shaikh S. Siddiqi. (*See* Declaration of Michael A. Cannon, Ex. A, ¶¶ 41-46.)) Regarding the remaining plaintiffs, the USCIS investigation is ongoing, and USCIS has invoked the provisions of 8 C.F.R. § 103.2(b)(18) in light of that need for continuing investigation. (*See* Declaration of Pauline A. Appelbaum, Ex. B, ¶ 10.)[3] Given these circumstances, plaintiffs' proposed 120 day deadline for naturalization to occur is inappropriate and should not be adopted by the Court.

---

[2] No Rule 16 conference has been held, or Scheduling Order entered. Plaintiffs simply moved for summary judgment after defendants answered the petition.

[3] A more detailed recitation of the background of this case is set forth in Judge Hoyt's decision dismissing for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim, the Siddiqi's first case against defendants. See Civil Docket for Case H-07-809, at docket entry 14. See also docket entry 7 in that case, defendants' motion to dismiss. The facts recited in the instant pleading are limited to those relevant to plaintiffs' motion for summary judgment.

**II. Issues**:

1. Whether the Court may order the FBI to complete a name check within a particular time frame.

   Suggested answer: No.

2. Whether remand to USCIS with instructions to adjudicate the naturalization applications at issue within 120 days is appropriate where USCIS has invoked the provisions of 8 C.F.R. § 103.2(b)(18) in light of its need for continuing investigation.

   Suggested answer: No.

**III. Argument**:

Before addressing the points of contention between plaintiffs and defendants, it is important to note that plaintiffs concede in their motion for summary judgment that remand is an appropriate course, as opposed to this Court deciding the naturalization applications at issue. (Plaintiffs' Motion at pp. 8.) The parties disagree about whether the Court may issue an order containing a deadline for the FBI to complete a name check. The parties further disagree about whether, in the context of USCIS's invocation of 103.2(b)(18), the Court may impose upon remand an 120 day time limit for adjudication upon USCIS.

    **A.**    **The Court May and Should Not Set a Deadline for the FBI to Complete a Name Check:**

First, the Court does not have jurisdiction over the FBI. "There is no statute or regulation which imposes a deadline for the FBI to complete a criminal background check" in a naturalization case. *Shalabi v. Gonzales*, 2006 WL 3032413, at *5 (E.D. Mo. 2006). As a result, the FBI also should be dismissed from such actions for lack of jurisdiction. *See, e.g., Zhao Yan*

*v. Mueller*, No. H-07-0313, 2007 WL 1521732, at *7 n.7 & *9 (S.D. Tex. May 24, 2007) (dismissing APA claims against the FBI in naturalization case and noting that section 1447(b) limits jurisdiction to USCIS); *accord, Elsayed v Gonzales*, 2007 WL 2792453 (D. Colorado 2007) and cases cited therein; *Antonishin v Keisler*, 2007 WL 2788841 (N. D. Ill. 2007).

Moreover, the statute requiring that USCIS complete a criminal background check -- which includes the name check -- does not contain any specific time frame for the FBI's investigation regarding the requested name checks. *See* Pub. L. 105-119, Tit. I, 111 Stat. 2448 (Nov. 26, 1997); *see also Mustafa v. Pasquerell*, 2006 WL 488399 at *5 (W.D. Tex. 2006) (rejecting APA claim against USCIS to complete adjudication of immigration petition where "no statute or regulation specifies a time period within which USCIS must act").[4] Thus, no statutory or regulatory authority limits the FBI's discretion in how it completes a plaintiff's background check, let alone how much time the FBI should allow for thoroughly completing this important task. *See also Shalabi*, 2006 WL 3032413, at * 5 ("A background check that is rushed and incomplete due to an artificial, court-imposed deadline would not meet the statutory and regulatory requirements of a 'full criminal background check' before USCIS can make a determination on an application.")

---

[4] Concerning the background investigation itself, independent of the time strictures, it is well established that the courts generally have no power to order the Executive to undertake a particular investigation absent some statutory provision conferring this authority. *See, e.g.*, *United States v. Ramos*, 933 F.2d 968, 971 n.1 (11th Cir. 1991) (refusing request to order investigation and holding that "[c]riminal investigations are an executive functions within the exclusive prerogative of the Attorney General's office") (citations omitted)

**B.     This Case Involves Continuing Investigation by USCIS Under 8 C.F.R. § 103.2(b)(18) so a 120 Day Time Deadline is Not Appropriate on Remand:**

The mandatory security and background checks conducted as part of the inquiry into whether a naturalization applicant should be naturalized sometimes raise issues affecting an applicant's eligibility.  (Appelbaum Decl., ¶ 6.)  In those circumstances, USCIS must conduct further inquiry to resolve any outstanding issues.  (*Id.*)  The regulation that permits USCIS to withhold adjudication pending completion of an investigation is 8 C.F.R. § 103.2(b)(18).[5]  USCIS cannot proceed to adjudicate a request for immigration benefits until all security checks have been completed, and until any and all issues that arise from those checks have been resolved.   (Appelbaum Decl., ¶ 6.)

---

[5]     That section provides:

Withholding adjudication.  A district director may authorize withholding of adjudication of a visa petition or other application if the district director determines that an investigation has been undertaken involving a matter relating to eligibility or the exercise of discretion, where applicable, in connection with the application or petition, and that the disclosure of information to the applicant or petitioner in connection with the adjudication of the application or petition would prejudice the ongoing investigation.  If an investigation has been undertaken and has not been completed within one year of its inception, the district director shall review the matter and determine whether adjudication of the petition or application should be held in abeyance for six months or until the investigation is completed, whichever comes sooner.  If, after six months of the district director's determination, the investigation has not been completed, the matter shall be reviewed again by the district director and, if he/she concludes that more time is needed to complete the investigation, adjudication may be held in abeyance for up to another six months.  If the investigation is not completed at the end of that time, the matter shall be referred to the regional commissioner, who may authorize that adjudication be held in abeyance for another six months.  Thereafter, if the Associate Commissioner, Examinations, with the concurrence of the the Associate Commissioner, Enforcement, determines it is necessary to continue to withhold adjudication pending completion of the investigation, he/she shall review that determination every six months.

8 C.F.R. § 103.2(b)(18).

In the instant case, USCIS has invoked 8 C.F.R. § 103.2(b)(18) regarding all of the plaintiffs who have not yet been naturalized.  (*Id.*, ¶ 10.)

In these circumstances, a court order requiring completion of the adjudication of a naturalization application in 120 days is not appropriate.  *See, e.g.*, *Mechanic v. Dept of Homeland Security*, No. Civ. A. H-06-3524, 2007 WL 580780 (S.D. Tex. Feb. 20, 2007) (in a case involving a naturalization application pending due to USCIS's invocation of 8 C.F.R. § 103.2(b)(18), remanding without time limitation).  Related background check cases brought against USCIS involving 103.2(b)(18) have also arisen in the context of non-immigrant visa cases and adjustment of status cases.  *See, e.g.*, *Zahani v. Neufeld*, 2006 WL 2246211 (M.D. Fl. 2006); *Mustafa v. Pasquarell*, 2006 WL 488399 (W.D. Tex. 2006); *Gemini Realty, Inc. v. Gonzales*, 2006 WL 2927562 (M.D. Fl. 2006).  In each case, the Court concluded that it would be improvident to disturb the necessary security measures that USCIS must undertake and complete in adjudicating applications.

Counsel for the government is mindful of this Court's prior immigration decisions which set a time limit on remand. *See, e.g.*, *Abusadeh v. Chertoff*, No. Civ. A. 07-3155, 2007 WL 4591757 (S.D. Tex. Dec. 27, 1997) (Rosenthal, J.); *Abdelbaqi v USCIS,* 2007 WL 1520990 (S.D. Tex. May 22, 2007, Rosenthal, J.); *Syed v. Chertoff,* 2007 WL 1080100 (S. D. Tex. April 9, 2007, Rosenthal, J.); *cf. Ghalib v. Hudson*, 2006 WL 3813773 (S.D. Tex. December 27, 2006, Rosenthal, J.)(not a name check but a 8 U.S.C. sec.  1421(c) appeal of denial of naturalization). However, based on the unique circumstances here for the need for USCIS to do continuing investigation under 8 C.F.R. 103.2(b)(18), we ask that the Court reconsider imposing a 120 day limit.

**IV. Conclusion:**

Plaintiffs' motion for summary judgment should be denied. This case should be remanded *without* a 120 day instruction for adjudicating the naturalization applications at issue.

          Respectfully submitted,
          DONALD J. DeGABRIELLE, JR.
          United States Attorney


By:   /s/ Dara B. Less
        DARA B. LESS
        Assistant United States Attorney
        TX Bar No. 24045008
        P.O. Box 61129
        Houston, TX  77208
        713.567.9592 telephone
        713.718.3303 facsimile
        Dara.less@usdoj.gov

        Attorney in charge for Defendants


Of counsel:
Pauline Appelbaum, Esquire
DHS-U.S. Citizenship and Immigration Services
USCIS Associate Regional Counsel
126 Northpoint, Room 2005
Houston, TX  77060

## CERTIFICATE OF SERVICE

All parties are registered e-filers for this case, and service will be accomplished by the Court's electronic notification system.

/s/ Dara B. Less

———————————————————
DARA B. LESS
Assistant United States Attorney